UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:20-CR-167-1M2
NO. 7:20-CR-167-2M2

FILED IN OPEN COURT
ON 10-15-2020
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC
JAA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **INDICTMENT** |
| ) | |
| LIAM MONTGOMERY COLLINS, ) | |
| PAUL JAMES KRYSCUK ) | |

The Grand Jury charges:

### COUNT ONE

Beginning in or about May 2019, and continuing to the present, in the Eastern District of North Carolina and elsewhere, the defendants, LIAM MONTGOMERY COLLINS and PAUL JAMES KRYSCUK, did conspire, confederate, and agree with others, both known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 922(a)(1)(A), by willfully and knowingly without licensure, engage in the business of manufacturing firearms and in the course of such business to ship, transport, and receive any firearm in interstate commerce, and to commit offenses against the United States in violation of Title 18, United States Code, Section 922(a)(3), by transporting into and receiving into North Carolina a firearm obtained outside the State of North Carolina without licensure.

1

## PURPOSE OF THE CONSPIRACY

It was the purpose of the conspiracy for the defendants, LIAM MONTGOMERY COLLINS and PAUL JAMES KRYSCUK, to unlawfully enrich themselves and others, by among other things, manufacturing and selling hard to obtain firearms and firearm parts in a manner that the "government would not know" the purchasers had them.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the object thereof, at least one of the following overt acts, among others, were committed by the defendants LIAM MONTGOMERY COLLINS and PAUL JAMES KRYSCUK, in the Eastern District of North Carolina, between May 2019 and the present:

1. On April 24, 2020, defendant LIAM MONTGOMERY COLLINS accepted $1,500 transferred to his personal account in payment for a 9 mm pistol and suppressor which were to be manufactured by defendant PAUL JAMES KRYSCUK.

2. Shortly thereafter, defendant PAUL JAMES KRYSCUK received the $1,500 in his VENMO account, transferred the monies to his personal bank account, and made purchase from vendors known to sell solvent traps.

3. Using the alias "Shaun Corcoran," defendant PAUL JAMES KRYSCUK then mailed the resulting pistol and suppressor from Idaho to Jacksonville, North Carolina, on or about June 17, 2020.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

On or about June 17, 2020, in the Eastern District of North Carolina and elsewhere, the defendants, LIAM MONTGOMERY COLLINS and PAUL JAMES KRYSCUK, aiding and abetting one another, not being a licensed importer, manufacturer, dealer, and collector of firearms, within the meaning of Chapter 44, Title 18, United States Code, willfully did transport into the State of North Carolina, where LIAM MONTGOMERY COLLINS then resided, a 9mm pistol with suppressor, said firearm having been manufactured and obtained by the defendants outside the State of North Carolina, in violation of Title 18, United States Code, Sections 922(a)(3) and 924(a)(1)(D) and 2.

## COUNT THREE

On or about September 11, 2020, in the Eastern District of North Carolina and elsewhere, the defendants, LIAM MONTGOMERY COLLINS and PAUL JAMES KRYSCUK, aiding and abetting one another, knowingly transported and delivered from Idaho to Pennsylvania, in interstate commerce, a firearm, specifically, a weapon made from a rifle modified to have an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length, not registered as required by Chapter 53 of Title 26, in violation of Title 26, United States Code, Sections 5841, 5861(j), and 5871, and 18 U.S.C. § 2.

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

The forfeitable property includes, but is not limited to, the following:

Personal Property:

a) One 9mm pistol and suppressor, not serialized, seized on June 18, 2020 from individual JH and any and all associated ammunition.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the

4

forfeitable property described above.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

_____
FOREPERSON

10/14/2020
DATE

ROBERT J. HIGDON, JR.
United States Attorney

*Barbara D. Kocher*
BY: BARBARA D. KOCHER
Assistant United States Attorney

5